UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03501-CAS (GJSx) | Date | June 7, 2022 |
|---|---|---|---|
| Title | Leo Katz v. Jonathan Pezzola, et al. | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| E. Quintero | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None present | | None present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE: POSSIBLE SANCTIONS

The Court is in receipt of a Notice of Removal filed by Ilaria Cattaneo ("I. Cattaneo") on May 23, 2022 [Dkt. 1, "Notice"]. By the Notice, I. Cattaneo claims to be a defendant in, and purports to remove, an unlawful detainer action pending in the Los Angeles Superior Court, Case No. 21STCV44205, under the name *Leo Katz v. Jonathan Pezzola, DOES 1 to 10* (the "Unlawful Detainer Action"). For the following reasons, the Court has substantial concerns as to the validity of the removal.

A person seeking removal has the burden of establishing that removal is proper. *Sharma v. HIS Asset Loan Obligation Trust 2007-1*, 23 F.4th 1167, 1169 (9th Cir. 2022). Moreover, under 28 U.S.C. § 1441(a), only a "defendant" may remove an action. If a case is removed by an unnamed party, it must be remanded. *Sharma*, 23 F.4th at 1170-71.

The Unlawful Detainer Action Complaint does not name I. Cattaneo as a defendant. Yet, in her Notice, I. Cattaneo states that she "is named as defendant in" the Unlawful Detainer Action, a representation that may violate Fed. R. Civ. P. 11(b).

In addition, the Court's docket record of removals by I. Cattaneo and "Benjamino Cattaneo" – who I. Cattaneo lists as an interested party to the Unlawful Detainer Action – causes concern. In the Notice, I. Cattaneo states that she was served with the Complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03501-CAS (GJSx) | Date | June 7, 2022 |
|---|---|---|---|
| Title | Leo Katz v. Jonathan Pezzola, et al. | | |

in the Unlawful Detainer Action on December 6, 2021, and she lists her docket address of record as 465 N. Croft Ave., Los Angeles, CA 90048 – the same property at issue in the Unlawful Detainer Action. Thus, I. Cattaneo claims that she was a resident of the 465 North Croft Avenue property at least as of the date she was served in the Unlawful Detainer action (December 6, 2021) and until her removal of that action (May 23, 2022).[1]

On January 26, 2022, however, I. Cattaneo removed a different unlawful detainer action to this Court – one pending in Riverside County Superior Court, No. UDC02200086, *Yiqiong Dou v. Shemrieta Allana Howard*, involving a residence within Riverside County (the "Riverside Unlawful Detainer Action"). As in this case, I. Cattaneo was not a named defendant in the Riverside Unlawful Detainer Action. Nonetheless, she removed the Riverside Unlawful Detainer Action to this Court on April 11, 2022, and in her notice of removal, represented that she was a named defendant who had been served with process on January 26, 2022. She also listed her docket address of record as 7046 Stratus St., Eastvale, CA 92880, the same address as the property at issue in the Riverside Unlawful Detainer Action. Thus, I. Cattaneo effectively represented that she was a resident of the 7046 Stratus Street property for the period of January 26, 2022, through April 11, 2022 – a period of time that is overlapped entirely by the time frame in which, in this case, she claims to have been a resident of the 465 Croft Avenue property. It is unclear to the Court how I. Cattaneo – who is not a named defendant in either this Los Angeles-based Unlawful Detainer Action or the separate Riverside Unlawful Detainer Action – can live at, and have standing to remove unlawful detainer actions involving, two separate residences located in two separate counties and approximately 55 miles apart at the same time.

The same concern exists with respect to Benjamino Cattaneo. Like I. Cattaneo, Benjamino Cattaneo is not a named defendant in the Unlawful Detainer Action, yet he represented that he was when he removed that action to this Court on May 10, 2022, in Case No. 2:22-cv-03183-CAS (MARx). Like I. Cattaneo, Benjamino Cattaneo asserted that he was served with the complaint in the Unlawful Detainer Action on December 6,

---

[1] If, as she claims, I. Cattaneo was served with process in the Unlawful Detainer Action on December 6, 2021, the Notice filed on May 23, 2022 appears to be untimely under 28 U.S.C. § 1446(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03501-CAS (GJSx) | Date | June 7, 2022 |
|---|---|---|---|
| Title | Leo Katz v. Jonathan Pezzola, et al. | | |

2021, yet he waited over five months before removing the case to federal court, contrary to Section 1446(a)'s requirements. Like I. Cattaneo, Benjamino Cattaneo listed his docket address of record as 465 North Croft Ave., Los Angeles CA 90048 – the same address as the property at issue in the Unlawful Detainer Action. Thus, Benjamino Cattaneo also effectively claimed that he was a resident of the 465 North Croft Avenue property between the time he was served (December 6, 2021) and his removal of the Unlawful Detainer Action (May 10, 2022).

Thus, it is perplexing that a mere five days before he removed the Unlawful Detainer Action, Benjamino Cattaneo had removed a different unlawful detainer action to this Court, in Case No. 8:22-cv-00933-CJC (KESx). That removed case involved a home located in Laguna Beach, California and an unlawful detainer action brought in Orange County Superior Court, No. 30-2022-01241263-CL-UD-CJC, *Sean Robbins v. LDM Properties, LLC, A Wyoming Limited Liability Company; Lisa Duamarell; Stephen C. Mills; and DOES 1-50, inclusive* ("Orange County Unlawful Detainer Action"). Benjamino Cattaneo was not named as a defendant in the Orange County Unlawful Detainer Action, but claimed he was in his notice of removal, and alleged that he had been served with process on January 18, 2022. He listed his address of record as 32091 Point Place, Laguna Beach CA 92651 AKA 32029 Point Place, Laguna Beach CA 92651 – the same address as the property at issue in the Orange County Unlawful Detainer Action. Thus, Benjamino Cattaneo effectively represented that he had been residing at this Laguna Beach property between January 18, 2022, and May 5, 2022 – a time frame that falls entirely within the time frame in which he claimed to have been a resident of the 465 North Croft Avenue home in Los Angeles. It is unclear how Benjamino Cattaneo resided at both properties, which are located approximately 70 miles apart in different counties, at the same time and was entitled to remove the two separate unlawful detainer actions involving these separate properties.

Under 28 U.S.C. § 1446(a), a notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. Under Rule 11(b) of the Federal Rules of Civil Procedure, by presenting the signed Notice to this District Court, I. Cattaneo certified that: it was not being presented for any improper purpose, such as to cause unnecessary delay; the Notice and all legal contentions therein are warranted by existing law; and her

Initials of preparer ____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03501-CAS (GJSx) | Date | June 7, 2022 |
|---|---|---|---|
| Title | Leo Katz v. Jonathan Pezzola, et al. | | |

factual contentions have evidentiary support.  Under the circumstances set forth above,[2] the Court has a substantial concern that I. Cattaneo has violated Rule 11(b).

The Court has the inherent power to control the cases before it.  *See, e.g., Landis v. North American Co.*, 57 S. Ct. 163, 166 (1936).  Accordingly, pursuant to the Court's inherent powers and Rule 11(c) of the Federal Rules of Civil Procedure, I. Cattaneo is ORDERED TO SHOW CAUSE why she should not sanctioned for the conduct described herein.  **By no later than June 14, 2022**, I. Cattaneo shall file a Response to this Order To Show Cause explaining why her removal of the Unlawful Detainer Action and the Riverside Unlawful Detainer Action was proper factually and legally and why sanctions should not be ordered.

**I. Cattaneo is cautioned that the failure to timely comply with this Order to Show Cause will be deemed to constitute a concession on her part that she has violated Rule 11(b) and that sanctions are warranted.**

**IT IS SO ORDERED.**

---

[2] The Court notes further that the notices of removal filed in all four of the unlawful detainer actions referenced above are essentially identical, with only party names and case numbers and dates and addresses changed.  In fact, in the notice of removal I. Cattaneo filed in the Riverside Unlawful Detainer Action, "Benjamino Cattaneo" is listed as the removing party in the second line of text, indicating a less than careful cloning effort by these parties.  The same person, "James Worsham," signed the proofs of service for all four notices of removal.