# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| LEO KATZ, | CASE NUMBER: |
|---|---|
| Plaintiff(s), | 2:22-cv-03501-PA (GJSx) |
| v. | |
| JONATHAN PEZZOLA, et al., | **ORDER REMANDING CASE TO STATE COURT** |
| Defendant(s). | |

The Court sua sponte **REMANDS** this action to the California Superior Court for the County of  Los Angeles  for lack of subject matter jurisdiction, as set forth below.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great N. Ry. Co. v. Alexander, 246 U.S. 276, 280 (1918)).  Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction.  Id.; Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013).  The removing defendant bears the burden of establishing federal jurisdiction.  Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67.  "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts."  Syngenta Crop Prot., 537 U.S. at 33.  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it

lacks jurisdiction." <u>Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.</u>, 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

From a review of the Notice of Removal and the state court records provided, it is evident that the Court lacks subject matter jurisdiction over the instant case, for the following reasons.

- ☑ No basis for federal question jurisdiction has been identified:

  - ☑ The Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

  - ☑ Removing defendant(s) asserts that the affirmative defenses at issue give rise to federal question jurisdiction, but "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." <u>ARCO Env't Remediation, L.L.C. v. Dept. of Health and Env't Quality</u>, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." <u>Berg v. Leason</u>, 32 F.3d 422, 426 (9th Cir. 1994). A "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." <u>Franchise Tax Bd. v. Constr. Laborers Vacation Tr.</u>, 463 U.S. 1, 14 (1983).

  - ☑ Removing defendant(s) has not alleged facts sufficient to show that the requirements for removal under 28 U.S.C. § 1443 are satisfied. Section 1443(1) provides for the removal of a civil action filed "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." Even assuming that the removing defendant(s) has asserted rights provided "by explicit statutory enactment protecting equal racial civil rights," <u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 999 (9th Cir. 2006) (citation omitted), defendant(s) has not identified any "state statute or a constitutional provision that purports to command the state courts to ignore the federal rights" or pointed "to anything that suggests that the state court would not enforce [defendant's] civil rights in the state court proceedings." <u>Id.</u> (citation omitted); see also <u>Bogart v. California</u>, 355 F.2d 377, 381-82 (9th Cir. 1966) (holding that conclusionary statements lacking any factual basis cannot support removal under § 1443(1)). Nor does § 1443(2) provide any basis for

removal, as it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights" and on state officers who refuse to enforce discriminatory state laws. City of Greenwood v. Peacock, 384 U.S. 808, 824 & n.22 (1966).

- [✓] The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California.

- [ ] Removing defendant(s) claims that 28 U.S.C. § 1334 confers jurisdiction on this Court, but the underlying action does not arise under Title 11 of the United States Code.

- [✓] Diversity jurisdiction is lacking, and/or this case is not removable on that basis:

    - [✓] Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a).

    - [ ] The Complaint does not allege damages in excess of $75,000, and removing defendant(s) has not plausibly alleged that the amount in controversy requirement has been met. Id.; see Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014).

    - [ ] The underlying unlawful detainer action is a limited civil action that does not exceed $25,000.

    - [✓] Removing defendant(s) is a citizen of California. 28 U.S.C. § 1441(b)(2).

    - [✓] Removing party is not a named defendant in the underlying Complaint. See 28 U.S.C. § 1441(a); Sharma v. HSI Asset Loan Obligation Tr. 2007-1, 23 F.4th 1167, 1170-71 (9th Cir. 2022).

- [✓] Other: See Attachments

IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the Superior Court of California listed above, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date: July 11, 2022

_____
United States District Judge

CV-136 (03/22)     ORDER REMANDING CASE TO STATE COURT     Page 3 of 3

Attachment for Case No. 2:22-cv-03501-PA (GJSx)

Given the information contained in the attached June 7, 2022 Order To Show Cause [Docket No. 8] and June 27, 2022 Order imposing sanctions on removing party Ilaria Cattaneo [Docket No. 12], the Court is concerned that Ilaria Cattaneo is practicing law without a license to do so. Therefore, the Court refers this matter to the State Bar of California for further investigation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03501-CAS (GJSx) | Date | June 7, 2022 |
|---|---|---|---|
| Title | Leo Katz v. Jonathan Pezzola, et al. | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| | E. Quintero | N/A |
| | Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None present | | None present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE: POSSIBLE SANCTIONS

The Court is in receipt of a Notice of Removal filed by Ilaria Cattaneo ("I. Cattaneo") on May 23, 2022 [Dkt. 1, "Notice"]. By the Notice, I. Cattaneo claims to be a defendant in, and purports to remove, an unlawful detainer action pending in the Los Angeles Superior Court, Case No. 21STCV44205, under the name *Leo Katz v. Jonathan Pezzola, DOES 1 to 10* (the "Unlawful Detainer Action"). For the following reasons, the Court has substantial concerns as to the validity of the removal.

A person seeking removal has the burden of establishing that removal is proper. *Sharma v. HIS Asset Loan Obligation Trust 2007-1*, 23 F.4th 1167, 1169 (9th Cir. 2022). Moreover, under 28 U.S.C. § 1441(a), only a "defendant" may remove an action. If a case is removed by an unnamed party, it must be remanded. *Sharma*, 23 F.4th at 1170-71.

The Unlawful Detainer Action Complaint does not name I. Cattaneo as a defendant. Yet, in her Notice, I. Cattaneo states that she "is named as defendant in" the Unlawful Detainer Action, a representation that may violate Fed. R. Civ. P. 11(b).

In addition, the Court's docket record of removals by I. Cattaneo and "Benjamino Cattaneo" – who I. Cattaneo lists as an interested party to the Unlawful Detainer Action – causes concern. In the Notice, I. Cattaneo states that she was served with the Complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03501-CAS (GJSx) | Date | June 7, 2022 |
|---|---|---|---|
| Title | Leo Katz v. Jonathan Pezzola, et al. | | |

in the Unlawful Detainer Action on December 6, 2021, and she lists her docket address of record as 465 N. Croft Ave., Los Angeles, CA 90048 – the same property at issue in the Unlawful Detainer Action. Thus, I. Cattaneo claims that she was a resident of the 465 North Croft Avenue property at least as of the date she was served in the Unlawful Detainer action (December 6, 2021) and until her removal of that action (May 23, 2022).[1]

On January 26, 2022, however, I. Cattaneo removed a different unlawful detainer action to this Court – one pending in Riverside County Superior Court, No. UDC02200086, *Yiqiong Dou v. Shemrieta Allana Howard*, involving a residence within Riverside County (the "Riverside Unlawful Detainer Action"). As in this case, I. Cattaneo was not a named defendant in the Riverside Unlawful Detainer Action. Nonetheless, she removed the Riverside Unlawful Detainer Action to this Court on April 11, 2022, and in her notice of removal, represented that she was a named defendant who had been served with process on January 26, 2022. She also listed her docket address of record as 7046 Stratus St., Eastvale, CA 92880, the same address as the property at issue in the Riverside Unlawful Detainer Action. Thus, I. Cattaneo effectively represented that she was a resident of the 7046 Stratus Street property for the period of January 26, 2022, through April 11, 2022 – a period of time that is overlapped entirely by the time frame in which, in this case, she claims to have been a resident of the 465 Croft Avenue property. It is unclear to the Court how I. Cattaneo – who is not a named defendant in either this Los Angeles-based Unlawful Detainer Action or the separate Riverside Unlawful Detainer Action – can live at, and have standing to remove unlawful detainer actions involving, two separate residences located in two separate counties and approximately 55 miles apart at the same time.

The same concern exists with respect to Benjamino Cattaneo. Like I. Cattaneo, Benjamino Cattaneo is not a named defendant in the Unlawful Detainer Action, yet he represented that he was when he removed that action to this Court on May 10, 2022, in Case No. 2:22-cv-03183-CAS (MARx). Like I. Cattaneo, Benjamino Cattaneo asserted that he was served with the complaint in the Unlawful Detainer Action on December 6,

---

[1] If, as she claims, I. Cattaneo was served with process in the Unlawful Detainer Action on December 6, 2021, the Notice filed on May 23, 2022 appears to be untimely under 28 U.S.C. § 1446(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03501-CAS (GJSx) | Date | June 7, 2022 |
|---|---|---|---|
| Title | Leo Katz v. Jonathan Pezzola, et al. | | |

2021, yet he waited over five months before removing the case to federal court, contrary to Section 1446(a)'s requirements. Like I. Cattaneo, Benjamino Cattaneo listed his docket address of record as 465 North Croft Ave., Los Angeles CA 90048 – the same address as the property at issue in the Unlawful Detainer Action. Thus, Benjamino Cattaneo also effectively claimed that he was a resident of the 465 North Croft Avenue property between the time he was served (December 6, 2021) and his removal of the Unlawful Detainer Action (May 10, 2022).

Thus, it is perplexing that a mere five days before he removed the Unlawful Detainer Action, Benjamino Cattaneo had removed a different unlawful detainer action to this Court, in Case No. 8:22-cv-00933-CJC (KESx). That removed case involved a home located in Laguna Beach, California and an unlawful detainer action brought in Orange County Superior Court, No. 30-2022-01241263-CL-UD-CJC, *Sean Robbins v. LDM Properties, LLC, A Wyoming Limited Liability Company; Lisa Duamarell; Stephen C. Mills; and DOES 1-50, inclusive* ("Orange County Unlawful Detainer Action"). Benjamino Cattaneo was not named as a defendant in the Orange County Unlawful Detainer Action, but claimed he was in his notice of removal, and alleged that he had been served with process on January 18, 2022. He listed his address of record as 32091 Point Place, Laguna Beach CA 92651 AKA 32029 Point Place, Laguna Beach CA 92651 – the same address as the property at issue in the Orange County Unlawful Detainer Action. Thus, Benjamino Cattaneo effectively represented that he had been residing at this Laguna Beach property between January 18, 2022, and May 5, 2022 – a time frame that falls entirely within the time frame in which he claimed to have been a resident of the 465 North Croft Avenue home in Los Angeles. It is unclear how Benjamino Cattaneo resided at both properties, which are located approximately 70 miles apart in different counties, at the same time and was entitled to remove the two separate unlawful detainer actions involving these separate properties.

Under 28 U.S.C. § 1446(a), a notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. Under Rule 11(b) of the Federal Rules of Civil Procedure, by presenting the signed Notice to this District Court, I. Cattaneo certified that: it was not being presented for any improper purpose, such as to cause unnecessary delay; the Notice and all legal contentions therein are warranted by existing law; and her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03501-CAS (GJSx) | Date | June 7, 2022 |
|---|---|---|---|
| Title | Leo Katz v. Jonathan Pezzola, et al. | | |

factual contentions have evidentiary support. Under the circumstances set forth above,[2] the Court has a substantial concern that I. Cattaneo has violated Rule 11(b).

The Court has the inherent power to control the cases before it. *See, e.g., Landis v. North American Co.*, 57 S. Ct. 163, 166 (1936). Accordingly, pursuant to the Court's inherent powers and Rule 11(c) of the Federal Rules of Civil Procedure, I. Cattaneo is ORDERED TO SHOW CAUSE why she should not sanctioned for the conduct described herein. **By no later than June 14, 2022**, I. Cattaneo shall file a Response to this Order To Show Cause explaining why her removal of the Unlawful Detainer Action and the Riverside Unlawful Detainer Action was proper factually and legally and why sanctions should not be ordered.

**I. Cattaneo is cautioned that the failure to timely comply with this Order to Show Cause will be deemed to constitute a concession on her part that she has violated Rule 11(b) and that sanctions are warranted.**

**IT IS SO ORDERED.**

---

[2] The Court notes further that the notices of removal filed in all four of the unlawful detainer actions referenced above are essentially identical, with only party names and case numbers and dates and addresses changed. In fact, in the notice of removal I. Cattaneo filed in the Riverside Unlawful Detainer Action, "Benjamino Cattaneo" is listed as the removing party in the second line of text, indicating a less than careful cloning effort by these parties. The same person, "James Worsham," signed the proofs of service for all four notices of removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-03501-PA (GJSx) | Date | June 27, 2022 |
|---|---|---|---|
| Title | Leo Katz v. Jonathan Pezzola, et al. | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| E. Quintero | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None present | | None present |

**Proceedings:** (IN CHAMBERS) ORDER IMPOSING SANCTIONS

On May 23, 2022, Ilaria Cattaneo ("I. Cattaneo") filed a Notice of Removal. [Dkt. 1, "Notice."]  By the Notice, I. Cattaneo claimed to be a defendant in, and purported to remove, an unlawful detainer action pending in the Los Angeles Superior Court, Case No. 21STCV44205, under the name *Leo Katz v. Jonathan Pezzola, DOES 1 to 10* (the "Unlawful Detainer Action").

It was unclear to the Court what was going on with the removal because the removing party, I. Cattaneo, plainly was not named as a defendant in the Complaint filed in the Unlawful Detainer Action, although she affirmatively alleged otherwise.  The Court researched the proceedings in this case to the best of its ability and discovered that there were other recent notices of removal filed in this District by I. Cattaneo and someone named "Benjamino Cattaneo," which involved unlawful detainer actions filed in three separate counties and underlying complaints in which neither I. Cattaneo nor Benjamin Cattaneo were named defendants yet claimed to be, as well as periods of time in which they claimed to be residing at separate properties at the same time that were located many miles apart.

Given the strange circumstances before it, the Court issued an Order to Show Cause on June 7, 2022 [Dkt. 8, "OSC"], which expressed the Court's concern that I. Cattaneo had violated Fed. R. Civ. P. 11(b) and required her to explain the underlying facts of this case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-03501-PA (GJSx) | Date | June 27, 2022 |
|---|---|---|---|
| Title | Leo Katz v. Jonathan Pezzola, et al. | | |

as well as the inconsistent facts pled in other cases within this District and to show that this removal was proper factually and legally. The OSC expressly cautioned I. Cattaneo that "**the failure to timely comply with this Order to Show Cause will be deemed to constitute a concession on her part that she has violated Rule 11(b) and that sanctions are warranted.**

A Response to the OSC was due no later than June 14, 2022. No response has been filed and I. Cattaneo has not otherwise communicated with the Court. For the reasons set forth in the OSC and herein, the Court therefore finds and orders as follows:

Removing party I. Cattaneo is sanctioned $200 for violation of the OSC and for improperly removing the Unlawful Detainer Action. The only thing clear to the Court is that I. Cattaneo – and someone affiliated with her – are improperly removing cases without any basis or proper jurisdiction, which is an abuse of the Court system, prejudicial to the property owners in the State Court cases identified in the OSC and in this removed case, and a waste of judicial resources both in this Court and the Superior Court of the State of California in which the underlying action was filed. The Court ORDERS that I. Cattaneo pay $200 to the plaintiff in the original Unlawful Detainer Action removed herein, Los Angeles Superior Court Case No. 21STCV44205, by July 15, 2022.

Assuming the United States District Judge enters an Order remanding this case, the Clerk is directed to see that this Order is included in the case file that is returned to the Superior Court.

**IT IS SO ORDERED.**